TIMOTHY COURCHAINE
United States Attorney
District of Arizona
NICOLE SAVEL
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: nicole,savel@usdoj.gov
Attorneys for Plaintiff

☒ FILED    ☐ LODGED

**Apr 23 2026**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>vs.<br><br>Alexandria Jordan Pierson,<br><br>               Defendant. | CR25-00603-TUC-RM-EJM<br><br>PLEA AGREEMENT<br><br>**(ICAN/DIVERSION PLEA)** |

The United States of America and the defendant agree to the following disposition of this matter:

PLEA

1.    The defendant agrees to plead guilty to Count 1 of the Indictment charging the defendant with a violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) & 2, Making False Statements in Connection with Acquisition of a Firearm, a felony offense. The remaining counts of the Indictment will be dismissed.

ELEMENTS OF THE OFFENSE

2.    The essential elements of **False Statement During Purchase of a Firearm** are that:

    a.  The defendant knowingly made a false oral or written statement, or furnished or exhibited any false, fictitious or misrepresented identification, to a federally licensed firearms dealer;

b.    The false statement or misrepresented identification was made in connection with the acquisition or attempted acquisition of a firearm; and

c.    The statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

## Maximum Penalties

3.    The defendant understands and agrees that a violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2) & 2, Making False Statements in Connection with Acquisition of a Firearm, is punishable by a maximum fine $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years' supervised release. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

4.    The defendant further understands and agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines. The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100 special assessment for each felony count; the special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

5.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

## Immigration Consequences

6.    The defendant recognizes that pleading guilty may have consequences with

respect to the defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that the defendant has discussed this eventuality with their attorney. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

## AGREEMENTS REGARDING NON-DIVERSION SENTENCE

7.    Stipulations regarding sentencing. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that:

a.    Any prison sentence shall not exceed the low-end of the final advisory Sentencing Guidelines Range;

b.    The parties agree that the defendant was an average participant in the offense for the purpose of role analysis under U.S.S.G. §§ 3B1.1 and 3B1.2;

c.    The parties agree that any specific offense characteristics pursuant to U.S.S.G. § 2K2.1 that are not explicitly stipulated to as part of the elements of the offense, in the factual basis, nor elsewhere in this plea, may be contested by either party at sentencing;

d.    The defendant agrees not to seek any other adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant acknowledges that if the defendant seeks any such adjustment or departure, the government may withdraw from the plea;

e.    Nothing in this agreement precludes the defendant from asking for a variance from the final advisory Sentencing Guidelines Range.

8.    Recommendation: Acceptance of Responsibility. Pursuant to Fed. R.

- 3 -

Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Guidelines sentencing offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

9.    Non-Binding Recommendations. The defendant understands that recommendations under Fed. R. Crim. P. 11(c)(1)(B) are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

## AGREEMENTS REGARDING DIVERSION SENTENCE

10.    Diversion Participation: The defendant agrees to participate in the District of Arizona Program, Incarceration and Conviction Alternatives Network ("ICAN"), pursuant to the terms set forth in the Program Contract attached as Exhibit A. Participation includes, but is not limited to: abiding by all agreements regarding sentencing contained in this agreement; appearing for all court appearances, including all ICAN program appearances; surrendering as ordered for service of any sentence or flash incarceration; obeying any court order in this matter; and paying the applicable special assessment and restitution at or before the time of final disposition unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the U.S. Attorney's Office for the District of Arizona. The defendant further agrees not commit any state, local or federal offense while participating in the ICAN program. Offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

11.    **If defendant *successfully* completes the ICAN program**, the

government agrees to a stipulated a sentence of time served/no jail time and a fine of not more than $200, in the Court's discretion.

12. **If defendant does *not* successfully complete the ICAN program**, the defendant and the government agree that the defendant shall be sentenced on the felony offense as set forth above. Except as set forth in this written plea agreement, the defendant and the government have no other agreements as to the applicable Sentencing Guidelines factors, the applicability of any mandatory minimum sentence, any departures or variances from the applicable Sentencing Guidelines range, or the appropriate sentence, and both the defendant and the government will have the right to argue for any sentence consistent with the terms of this plea agreement.

13. Defendant understands that his/her pretrial release, probation, or supervision may be revoked if s/he violates any of the conditions of the defendant's pretrial release, probation or supervision. Upon revocation of probation or supervised release, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

14. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

15. The defendant understands and agrees to cooperate fully with the United States District Court, Pretrial Services and/or the U.S. Probation Office, and the government in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution, living expenses or other financial obligations; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

16. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P.,

giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

### Forfeiture, Civil, and Administrative Proceedings

17.    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

### Waiver of Defenses and Appeal Rights

18.    Provided the defendant receives a sentence consistent with this agreement that does not exceed the statutory maximum or any stipulated sentence, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, and any sentencing guideline determinations. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the defendant's conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement,

the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

19.    Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

20.    If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. The defendant agrees that the stipulations set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

21.    This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

#### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any potential sentence referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

- 8 -

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt, but this is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct:

On or about March 16, 2023, I, ALEXANDRIA JORDAN PIERSON, purchased a Radikal GForce Arms MKX GF00 12-gauge shotgun from John's Guns & Ammo, in Tucson, Arizona. In purchasing the firearm on 3/16/2023, I completed a Form 4473 – Over the Counter Firearm Transaction Record – which is necessary paperwork required to be kept in the records of John's Guns & Ammo in connection with the sale of a firearm. On the form, I represented that I was the actual buyer of the firearm. The statement was not true as I was acquiring the firearm for another person who had provided the funds for me to purchase the firearm. After I purchased the firearm, I delivered the firearm to the individual, who was a prohibited possessor unable to lawfully purchase nor possess firearms under federal law.

Date: 4-2-24

ALEXANDRIA JORDAN PIERSON
Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur

- 9 -

in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client.  I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

Date: 4-17-26

PETER MATIATOS, AFPD
Attorney for Defendant

### GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

Date: _____

Digitally signed by NICOLE SAVEL
Date: 2026.04.17 14:46:28 -07'00'

NICOLE SAVEL
Assistant U.S. Attorney